**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| DAVID P. BARBOZA<br>CHRISTINE M. LOMBARD<br>Plaintiffs, | ) | |
| v. | ) | C.A. CA 05 271S |
| NEW CENTURY MORTGAGE CORPORATION<br>HOMECOMINGS FINANCIAL NETWORK, INC<br>Defendants. | ) | |

## COMPLAINT

### INTRODUCTION

1. This action seeks redress against New Century Mortgage Corporation (*hereinafter* "New Century") for violations of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA") and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action under 15 U.S.C. §1640 (TILA), and 28 U.S.C. §§1331 ( general jurisdiction),1332 ( diversity jurisdiction) and 1337 (interstate commerce) and 1367 ( supplemental jurisdiction). Diversity jurisdiction is applicable as the Plaintiffs are residents of Rhode Island and seek rescission of a $229,500.00 mortgage obligation held by an out of state corporation that does not have it's principle place of business in Rhode Island.

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) because Defendants do business in this District. Defendants are therefore deemed to reside in this District under 28 U.S.C. § 1391( c).

## PARTIES

4. Plaintiffs David P. Barboza and Christine M. Lombard are joint owners of and reside at the property located at 20-22 Waterman Ave., Johnston, RI 02919.

5. Defendant New Century is a National corporation with its principle place of business at 18400 Von Karman Ave., Suite 1000, Irvine, CA 92612.

6. New Century enters into more than 5 transactions per year in which credit is extended that is secured by the principal residence of a consumer and is used for purposes other than the initial acquisition or construction of the residence.

7. New Century is therefore a creditor as defined in TILA and implementing Federal Reserve Board Regulation Z.

8. New Century is what is commonly known as a "subprime" lender, targeting persons who have or who believe they have impaired credit.

9. Upon information and belief, HomeComings Financial Network, Inc. (*hereinafter* "HomeComings") is the present holder of said mortgage and responsible for all claims made against the Defendant, New Century.

## FACTS

10. On or about June 4, 2004, Plaintiff, David P. Barboza obtained a loan from New Century, secured by his residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

11. In connection with the transaction, Plaintiff, David P. Barboza received only one copy of a right to cancel form. A copy of which is attached hereto as Exhibit A.

12. Though the Plaintiff, Christine Lombard was a joint owner of the subject property and

granted New Century a security interest in her residence, she did not receive any of the material disclosures regarding TILA.

13. Because the transaction was secured by Plaintiffs' home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. §1635 and 12 C.F.R. §226.23.

Section 226.23 of 15 U.S.C. §1635 provides:

**(a) Consumer's right to rescind.**

**(1) In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.[fn]47**

**(2) To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.**

**(3) The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures,[fn]48 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act. [15 U.S.C. §1635(f)]**

**(4) When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.**

**(b) Notice of right to rescind. In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:**

**(1) The retention or acquisition of a security interest in the consumer's principal dwelling.**

**(2) The consumer's right to rescind the transaction.**

**(3) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.**

**(4) The effects of rescission, as described in paragraph (d) of this section.**

**(5) The date the rescission period expires. . . .**

**(f) <u>Exempt transactions.</u> The right to rescind does not apply to the following:**

**(1) A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].**

**(2) A credit plan in which a state agency is a creditor.**

14. Plaintiff , David P. Barboza did not receive the appropriate number of copies of his right to cancel in violation of TILA.

15. Plaintiff, Christine Lombard did not receive any of the material disclosures in violation of TILA.

16. On or about January 24, 2005 and June 8, 2005 Plaintiff, David P. Barboza exercised his extended right to rescind the loan for violations of TILA. A notice of rescission was sent to New Century and HomeComings respectively. Copies of the notices are attached as <u>Exhibit B</u>.

17. New Century has failed to honor David P. Barboza's request to rescind the loan.

18. On or about June 16, 2005 Plaintiff, Christine M. Lombard exercised her extended right to rescind the loan for violations of TILA. A notice of rescission was sent to New Century and HomeComings. Copies of the notices are attached as <u>Exhibit C</u>.

## COUNT I

## TRUTH IN LENDING ACT VIOLATIONS

19. Plaintiffs incorporate ¶¶ 1-18 as if fully set out herein.

20. By failing to provide the appropriate number of Notice of Right to Cancel forms at the closing, New Century failed to give Plaintiff, David P. Barboza clear and conspicuous notice of his right to cancel, in violation of 15 U.S.C. §1635 and 12 C.F.R. § 226.23 and accordingly, he is entitled to rescind the mortgage.

21. By failing to provide material disclosures at the closing, New Century failed to give Plaintiff, Christine M. Lombard clear and conspicuous notice of her right to cancel, in violation of 15 U.S.C. §1635 and 12 C.F.R. § 226.23 and accordingly, she is entitled to rescind the mortgage.

22. 15 U.S.C. § 1635(g) provides that a court may award damages under section 1640 in addition to rescission.

23. Defendant, HomeComings as assignee of the mortgage is subject to rescission by the Plaintiffs pursuant to 15 U.S.C. § 1641( c ).

24. The failure of the Defendant, New Century to respond to the notice of rescission is a separate violation of 15 U.S.C. § 1640 (a) entitling the Plaintiffs to an award of statutory damages.

WHEREFORE, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and against Defendants New Century and HomeComings as follows:

1. A declaration that Plaintiffs are entitled to rescind their mortgage;

2. Rescission of the loan;

3. Statutory damages;

4. Attorney's fees, litigation expenses and costs.

5. Such other relief as the Court deems appropriate.

Respectfully submitted,

Christopher M. Lefebvre
Claude Lefebvre, Christopher Lefebvre P.C.
P.O. Box 479
Pawtucket, RI 02862
(401) 728-6060
(401) 728-6534 (FAX)
BBO# 4019

**JURY DEMAND**

Plaintiffs demand trial by jury.

Christopher M. Lefebvre

# Exhibit A

# NOTICE OF RIGHT TO CANCEL

BORROWERS: TAMMY D BARBOZA
DAVID P BARBOZA

DATE: 6/4/04
LOAN NUMBER: 0001577681

PROPERTY ADDRESS: 20-22 WATERMAN AVENUE , JOHNSTON, RHODE ISLAND 02919

## YOUR RIGHT TO CANCEL

You are entering into a transaction that will result in a security interest in your home. You have a legal right under federal law to cancel this transaction, without cost, within three business days from whichever of the following event: occurs last:

1. the date of the transaction, which is 6/4/04 ; or
   **A.** (insert TRANSACTION DATE)
2. the date you received your Truth in Lending disclosures; or
3. the date you received this notice of your right to cancel.

If you cancel the transaction, the security interest is also canceled. Within 20 calendar days after we receive your notice, we must take the steps necessary to reflect the fact that the security interest in your home has been cancel and we must return to you any money or property you have given to us or to anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the things mentioned above, but you r then offer to return the money or property. If it is impractical or unfair for you to return the property, you must offer reasonable value. You may offer to return the property at your home or at the location of the property. Money mu: returned to the address below. If we do not take possession of the money or property within 20 calendar days of y offer, you may keep it without further obligation.

I acknowledge receiving two copies of this Notice of Right to Cancel form.

| | | | |
|---|---|---|---|
| TAMMY D BARBOZA | **B.** Signature Date | DAVID P BARBOZA | Signature Date |
| | Siganture Date | | Signature Date |

## HOW TO CANCEL

If you decide to cancel this transaction, you may do so by notifying us in writing, at:

NEW CENTURY MORTGAGE CORPORATION
300 Crown Colony Drive
Quincy, MA 02169

You may use any written statement that is signed and dated by you and states your intention to cancel, or you may this notice by dating and signing below. Keep one copy of this notice because it contains important information abo your rights.

If you cancel by mail or telegram, you must send the notice no later than midnight of 6/8/04
**C.** (insert 3 DAY DATE)
(or midnight of the third business day following the latest of the three events listed above). If you send or deliver y written notice to cancel some other way, it must be delivered to the above address no later than that time.

I WISH TO CANCEL ______________________ ____________
(Borrower's signature if exercising right to cancel) **D.** (CANCEL DATE )

## PLEASE READ BEFORE COMPLETING THIS FORM

**To proceed with this transaction,** enter the following: **(A):** TRANSACTION DATE, which is the date the borrower signs loan documents (consummates this transaction); **(B):** Borrower's signature and SIGNATURE DATE, which is th date borrower signs this document; **(C):** 3 DAY DATE, which is the third business day following the TRANSACTION DATE. If SIGNATURE DATE of last signer is later than the TRANSACTION DATE, contact lender to confirm correct DAY DATE. Do not make any amendments, erasures, strikeouts, whiteouts or alterations to the document without pr written authorization from the Lender. Should an error occur in the completion of this form, contact Lender immedia Each borrower must be provided 2 completed, signed copies of this form.

**To cancel this transaction:** the borrower signs and enters the Cancellation Date **(D)** in the space following the word WISH TO CANCEL". Borrower may also cancel this transaction by mailing or delivering this or any written form of cancellation notice to Lender within 3 business days after signing loan documents.

# Exhibit B

FROM THE OFFICE OF THE
CONSUMER LAW CENTER
WWW.RICONSUMERLAW.COM
CLAUDE F. LEFEBVRE
CHRISTOPHER M. LEFEBVRE, P.C.
ATTORNEYS & COUNSELORS AT LAW

January 24, 2005

CERTIFIED MAIL-RETURN RECEIPT REQUESTED

New Century Mortgage Corp.
300 Crown Colony Drive
Quincy, MA 02169

Charles E. Houston
New Century Mortgage Corp.
18400 Von Karman Ave., Suite 1000
Irvine, CA 92612-0516

Re: **Notice of Rescission by David P. Barboza, 20-22 Waterman Avenue, Johnston, RI 02919, Loan Number: 0001577681, Closing Date 6/4//2004.**

To Whom It May Concern:

I represent David P. Barboza concerning the loan transaction he entered into with New Century Mortgage Corp. on June 4, 2004. Please be advised that I have been authorized by my client to rescind that transaction and hereby exercise that right pursuant to the Federal Truth In Lending Act, 15 U.S.C. Section 1635, Regulation Z, Section 226.23.

The primary basis for the rescission is that Mr. Barboza was not provided with the proper number of copies of the notice of his right to cancel the above consumer credit contract, in violation of 15 U.S.C. Section 1635(a), Regulation Z, Section 226.17, Section 226.23.

The security interest held by New Century Mortgage Corp. on Mr. Barboza's property located at 20-22 Waterman Avenue, Johnston, RI is void as of this rescission. Pursuant to Regulation Z, you have twenty days after receipt of this Notice of Rescission to return to my client all monies paid and to take action necessary and appropriate to terminate the security interest.

Very truly yours,
David P. Barboza
By his Attorney,

Christopher M. Lefebvre
P. O. Box 479
Pawtucket, RI 02862

cc: David P. Barboza

June 8, 2005

CERTIFIED MAIL-RETURN RECEIPT REQUESTED

Home Comings Financial
P.O. Box 890036
Dallas, TX 75389

Re: **Notice of Rescission by David P. Barboza, 20-22 Waternan Ave., Johnston, RI 02919, Loan Number: 0438065682**

To Whom It May Concern:

I represent David P. Barboza concerning the loan transaction he entered into with New Century Mortgage Corporation on June 4, 2004. Please be advised that I have been authorized by my client to rescind that transaction and hereby exercise that right pursuant to the Federal Truth In Lending Act, 15 U.S.C. Section 1635, Regulation Z, Section 226.23.

The primary basis for the rescission is that Mr. Barboza was not provided with the proper number of copies of the notice of his right to cancel the above consumer credit contract, in violation of 15 U.S.C. Section 1635(a), Regulation Z, Section 226.17, Section 226.23. Upon information and belief, Home Comings Financial has purchased the loan and therefore is responsible under the assignee provisions of the TILA.

The security interest held by New Century Mortgage Corporation and subsequently sold to Home Comings Financial on Mr. Barboza's property located at 20-22 Waternan Ave., Johnston, RI is void as of this rescission. Pursuant to Regulation Z, you have twenty days after receipt of this Notice of Rescission to return to my client all monies paid and to take action necessary and appropriate to terminate the security interest.

Very truly yours,
David P. Barboza
By his Attorney,

______________________________
Christopher M. Lefebvre

cc: David P. Barboza

# Exhibit C

FROM THE OFFICE OF THE
FAMILY AND CONSUMER LAW CENTER
WWW.RICONSUMERLAW.COM
CLAUDE F. LEFEBVRE
CHRISTOPHER M. LEFEBVRE, P.C.
ATTORNEYS & COUNSELORS AT LAW

June 16, 2005

CERTIFIED MAIL-RETURN RECEIPT REQUESTED

New Century Mortgage Corp.
300 Crown Colony Drive
Quincy, MA 02169

Charles E. Houston
New Century Mortgage Corp.
18400 Von Karman Ave., Suite 1000
Irvine, CA 92612-0516

Re: **Notice of Rescission by Christine M. Lombard, 20-22 Waterman Avenue, Johnston, RI 02919, Loan Number: 0001577681, Closing Date 6/4//2004.**

To Whom It May Concern:

I represent Christine M. Lombard concerning the mortgage transaction she entered into with New Century Mortgage Corp. on June 4, 2004. Please be advised that I have been authorized by my client to rescind that transaction and hereby exercise that right pursuant to the Federal Truth In Lending Act, 15 U.S.C. Section 1635, Regulation Z, Section 226.23.

The primary basis for the rescission is that Mrs. Lombard was not provided with any material disclosures regarding the above consumer credit contract, in violation of 15 U.S.C. Section 1635(a), Regulation Z, Section 226.17, Section 226.23.

The security interest held by New Century Mortgage Corp. on Mrs. Lombard's property located at 20-22 Waterman Avenue, Johnston, RI is void as of this rescission. Pursuant to Regulation Z, you have twenty days after receipt of this Notice of Rescission to return to my client all monies paid and to take action necessary and appropriate to terminate the security interest.

Very truly yours,
Christine M. Lombard
By her Attorney,

Christopher M. Lefebvre

cc: Christine M. Lombard

FAMILY AND CONSUMER LAW CENTER

CLAUDE F. LEFEBVRE
CHRISTOPHER M. LEFEBVRE, P.C.

June 16, 2005

CERTIFIED MAIL-RETURN RECEIPT REQUESTED

Home Comings Financial
P.O. Box 890036
Dallas, TX 75389

Re: **Notice of Rescission by Christine M. Lombard 20-22 Waterman Ave., Johnston, RI 02919, Loan Number: 0438065682**

To Whom It May Concern:

I represent Christine M. Lombard concerning the mortgage transaction she entered into with New Century Mortgage Corporation on June 4, 2004. Please be advised that I have been authorized by my client to rescind that transaction and hereby exercise that right pursuant to the Federal Truth in Lending Act, 15 U.S.C. Section 1635, Regulation Z, Section 226.23.

The primary basis for the rescission is that Mrs. Lombard was not provided with the material disclosures in the above consumer credit contract, in violation of 15 U.S.C. Section 1635(a), Regulation Z, Section 226.17, Section 226.23. Upon information and belief, Home Comings Financial has purchased the mortgage and therefore is responsible under the assignee provisions of the TILA.

The security interest held by New Century Mortgage Corporation and subsequently sold to Home Comings Financial on Mrs. Lombard's property located at 20-22 Waterman Ave., Johnston, RI is void as of this rescission. Pursuant to Regulation Z, you have twenty days after receipt of this Notice of Rescission to return to my client all monies paid and to take action necessary and appropriate to terminate the security interest.

Very truly yours,
Christine M. Lombard
By her Attorney,

Christopher M. Lefebvre

cc: Christine M. Lombard