**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| DAVID P. BARBOZA<br>CHRISTINE M. LOMBARD<br>Plaintiffs,<br><br>v.<br><br>NEW CENTURY MORTGAGE CORPORATION<br>HOMECOMINGS FINANCIAL NETWORK, INC<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. 05-271S |

**RESPONSE TO ORDER TO SHOW CAUSE**

The Defendant has been served as indicated by the attached Rule 4 waiver. Accordingly, it is respectfully suggested that the Court withdraw the Order to Show Cause and allow the case to proceed.

Respectfully submitted,

Christopher M. Lefebvre #4019
Claude Lefebvre, Christopher Lefebvre P.C.
P.O. Box 479
Pawtucket, RI 02862
(401) 728-6060
(401) 728-6534 (FAX)

**CERTIFICATION**

I, the undersigned, hereby certify that a copy of the above was mailed on October 31, 2005 to:

Chuck Houston, Esq.
New Century Mortgage Corp
18400 Von Karman Ave.
Suite 1000
Irvine, CA 92612

**Waiver of Service of Summons**

TO: Christopher M. Lefebvre, Esq. PO Box 479, Pawtucket, RI 02862-0479

I acknowledge receipt of your request that I waive service of a summons in the action of David P. Barboza and Christine M. Lombard v. New Century Mortgage Corporation, which is case number CA: 05-271-S in the United States District Court for the District of Rhode Island. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me. I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that New Century Mortgage Corporation be served with judicial process in the manner provided by Rule 4. New Century Mortgage Corporation will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons. I understand that a judgment may be entered against New Century Mortgage Corporation. if an answer or motion under Rule 12 is not served upon you within 60 days after October 12, 2005.

Chuck Houston Esquire
New Century Mortgage Corporation
18400 Von Karman Ave. Suite 1000
Irvine, CA 92612

10/12/05
DATE

**DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF SUMMONS**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver. It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought. A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.